IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02558-RMR-KAS

EDWARDS LIFESCIENCES LLC, a Delaware limited liability company, and
EDWARDS LIFESCIENCES CORPORATION, a Delaware corporation,

    Plaintiffs,

v.

MICHAEL THOMPSON, an individual,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiffs' **Opposed Motion for Leave to File Amended Complaint** [#91] (the "Motion"). Defendant filed a Response [#94] in opposition to the Motion [#91], and Plaintiffs filed a Reply [#100].

    In the Motion [#38], Plaintiffs seek to amend their Complaint [#1] to add (1) "a new claim of breach of duty of loyalty against [Defendant] relating to him providing material assistance to [Defendant's subsequent employer Abbott Laboratory's] efforts to compete against [Plaintiffs] while he was still employed by [Plaintiffs]," and (2) Abbott Laboratories as a defendant, asserting three claims against it: (a) misappropriation of trade secrets under federal and Colorado law, (b) tortious interference with Defendant's employment agreement, and (c) tortious interference with prospective business advantage regarding Plaintiffs' customers. *See* [#91] at 5-6; *see also Redlined Version of Proposed Am. Compl.* [#91-4]. Defendant does not oppose assertion of the new claim against him, but he "does oppose, however, [Plaintiffs'] untimely request to add other, undisclosed factual allegations and new claims against non-party Abbott Laboratories[.]" *Response* [#94] at 2.

    At the outset, Defendant argues that the Motion [#91] should be evaluated under Fed. R. Civ. P. 16(b)(4) (as well as Fed. R. Civ. P. 15(a)(2)). *Response* [#94] at 6-8.[1] On February 28, 2025, Plaintiff filed an Opposed Motion for Extension of Time to Extend the Deadline for Amendment of Pleadings [#69] (the "Motion for Extension"). Ultimately, the Court granted the request under Fed. R. Civ. P. 16(b)(4), extending the deadline for amendment of pleadings to March 20, 2025. *Minute Order* [#82] at 3. This deadline was

---

[1] Page number citations refer to the numbering used by the CM/ECF docketing system, not to the document's original page numbering.

for Plaintiffs to comply with Fed. R. Civ. P. 15(a)(2) by filing either a motion seeking leave of Court to amend, with a proposed amended complaint attached, or else to simply file the amended complaint if Plaintiffs could obtain Defendant's written consent. The deadline was extended generally and not for any specific type of amendment, although Plaintiffs only specifically mentioned the claim against Defendant for breach of the duty of loyalty. *See Motion for Extension* [#69] at 1-2 ("[Plaintiffs have] learned of new information during the discovery process that gives rise to additional claims. Plaintiffs need additional time to analyze those potential claims and draft an Amended Complaint. . . . Defendant's actions in this regard give rise to, at a minimum, a claim against him for breach of duty of loyalty.").

On March 20, 2025, Plaintiffs timely filed the Amended Complaint [#88], except that they incorrectly stated that they had been "expressly authorized" to do so by the Court in its Minute Order [#82]. *Notice of Am. Compl.* [#87] at 1. On March 21, 2025, opposing counsel told Plaintiffs' counsel that Defendant intended to file a motion to strike the Amended Complaint [#88] "because it had been filed via notice rather than as a motion to amend." *Motion* [#91] at 2. This occurred on a Friday, and on Monday, March 24, 2025, the parties engaged in a conferral call, in which Plaintiffs agreed to withdraw the Amended Complaint [#88] and refile it with a motion. *Id.* That motion, i.e., the present Motion [#91], was filed on March 27, 2025.

Plaintiffs' error in filing the Amended Complaint [#88] as though the Court had already given leave is unfortunate. Although technically Plaintiffs should have asked for an additional short extension of the deadline to amend pleadings once the problem came to their attention, the Court is not inclined to penalize Plaintiffs for this procedural error, particularly in light of the fact that there is no indication that the extra few days caused any prejudice to Defendant and, just as importantly, there is no indication before the Court that the Amended Complaint [#88] filed on March 20, 2025, differs from the Proposed Amended Complaint [#91-1] attached to the Motion [#91] seven days later. Accordingly, although Plaintiffs are admonished to be far more careful in the future, the Court accepts the Motion [#91] as timely and therefore proceeds to the merits of the Motion [#91] under Fed. R. Civ. P. 15(a)(2) alone.

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "[i]f the underlying facts or circumstances relied upon by a [litigant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* This is consistent with the purpose of Rule 15, which is "to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Whether to grant or deny leave to amend a complaint is within a court's discretion. *Foman*, 371 U.S. at 182. Refusing leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Here, Defendant opposes the amendments based on undue delay and undue prejudice. *Response* [#94] at 11.

2

Regarding undue delay, "[l]ateness does not of itself justify the denial of amendment." *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). In this Circuit, the undue delay analysis "focuses primarily on the reasons for the delay," and denial of leave is appropriate where a party has no adequate explanation for the delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (collecting cases).

The briefs demonstrate that Plaintiffs have had some of the information underlying their newly asserted allegations and claims for some time. *See, e.g.*, *Response* [#94] at 7-11. However, the briefs also demonstrate that Plaintiffs learned some new information in February 2025 in connection with the preliminary injunction hearing. *See, e.g.*, *Motion* [#91] at 6-7; *Reply* [#100] at 4-9. The Court is not inclined to delve into the details of each allegation when it is obvious from its review that they all have some relationship to Plaintiffs' newly asserted claims. *See, e.g.*, *Redlined Version of Proposed Am. Compl.* [#91-4] ¶¶ 43-64, 76. Similarly, the Court is not inclined to delve deeply into Plaintiffs' litigation strategies. Plaintiffs' briefs broadly appear to assert that it was only after they received the additional information in February 2025 that they believed that they had enough information to assert these claims. Given that Plaintiffs appear to rely on new information, the Court will not second-guess that determination. Under these circumstances, the Court cannot find that there was "undue" delay.

Undue prejudice is the most important factor, but "[c]ourts typically find prejudice only when the amendment unfairly affects the [non-movants] 'in terms of preparing their defense to the amendment,'" such as where the amended claims arise from a different subject matter from that previously set forth in the prior pleading. *Minter*, 451 F.3d at 1208 (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)); *Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018) (acknowledging that "any amendment invariably causes some 'practical prejudice'" but noting that "undue prejudice means that the amendment would 'work an injustice to the [opposing party]'") (quoting *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010)).

Here, Defendant asserts that Plaintiffs are attempting "to create a 'moving target' to avoid a ruling" on Defendant's Motion to Dismiss [#13]. *Response* [#94] at 12. The Court finds this assertion to be speculative and unsupported given that this is Plaintiffs' first request to file an amended complaint. Defendant also states that "substantial discovery has been completed on the claims as pled." *Id.* at 13. The Scheduling Conference was held in this case on January 14, 2025. *See* [#46]. Although the parties seem to have engaged heavily in discovery early on in preparation for the February 20, 2025 Preliminary Injunction Hearing, *see* [#62], Plaintiffs note that "[t]he Parties have never agreed that the limited discovery conducted in advance of the preliminary injunction hearing (limited to topics directly at issue in such hearing) would constitute the entirety of discovery conducted in this case," *Reply* [#100] at 9. In fact, Plaintiffs assert that "the Parties specifically limited the length of depositions taken in preparation for [the] preliminary injunction hearing because they agreed that the depositions would involve questioning only on issues pertinent to the request for preliminary injunction, not all issues

3

presented in the case." *Reply* [#100] at 9-10. Given that the current discovery cut-off is October 15, 2025, the Court finds that Defendant would not incur undue prejudice based on the state of discovery at this stage of the proceedings. Similarly, Defendant will not incur undue prejudice simply by having to brief a new motion to dismiss in response to an amended complaint. The filing of a motion to dismiss is a litigation choice and Defendant could, if he so chose, simply file an answer instead. Further, arguments asserted in the pending Motion to Dismiss [#13] could potentially be repurposed for a subsequent motion to dismiss. Thus, the Court finds that amendment would not "work an injustice" to Defendant. *See Carefusion 213, LLC*, 2010 WL 4004874, at *4.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#91] is **GRANTED**. The Clerk of Court shall accept Plaintiffs' Amended Complaint [#91-1] (along with its attached Exhibit 1 [#91-2] and Exhibit 2 [#91-3]) for filing as of the date of this Minute Order.

IT IS FURTHER **ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint [#13] is **DENIED as moot**. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."); *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019) (stating that any motion to dismiss directed at a superseded pleading is moot). Defendant shall respond to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

Dated: May 9, 2025