IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**

Civil Action No. 24-cv-02558-RMR-KAS

EDWARDS LIFESCIENCES LLC, a Delaware limited liability company, and
EDWARDS LIFESCIENCES CORPORATION, a Delaware corporation,

     Plaintiffs,

v.

MICHAEL THOMPSON, an individual,

     Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella, ECF No. 196, entered February 27, 2026, addressing Defendant Abbott Laboratories' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) and 12(B)(6) ("Abbott's Motion"), ECF No. 112, and Plaintiffs' Motion to Dismiss Thompson's Counterclaims ("Plaintiffs' Motion"), ECF No. 138. Magistrate Judge Starnella recommends that Abbott's Motion be granted in part and denied in part and that Plaintiffs' motion be granted. Defendants Thompson and Abbott jointly filed a timely Objection. ECF No. 197. Plaintiffs also filed a timely Objection. ECF No. 198. Both sides filed responses to the respective objections. ECF Nos. 199, 200. For the reasons stated below, the Court overrules the parties' objections and adopts the Recommendation.

1

## I.     BACKGROUND

This is a trade secret misappropriation case. Plaintiffs Edward Sciences, LLC and Edward Sciences Corporation (collectively "Edwards" or "Plaintiffs") sued and moved the Court for a Preliminary Injunction ("PI"), ECF No. 10, to stop its former employee, Defendant Michael Thompson ("Thompson") from working or performing services for his new employer, Abbott Laboratories ("Abbott"). On June 18, 2025, this Court granted Plaintiffs' request for a preliminary injunction, ECF No. 107, which is pending appeal with the Tenth Circuit, ECF No. 116.

The parties do not object to the factual or procedural background outlined in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth therein.

Plaintiffs assert claims against both Abbott and Thompson under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832, *et seq*., and the Colorado Uniform Trade Secrets Act ("CUTSA"), Colo. Rev. Stat. § 7-74-101, *et seq*. ECF No. 102 ¶¶ 80-94. Solely against Thompson, Plaintiffs assert state law claims for breach of contract and breach of duty of loyalty. *Id*. ¶¶ 95-107. Solely against Abbott, Plaintiffs assert state law claims of tortious interference with Thompson's contract and tortious interference with prospective business advantage regarding Plaintiffs' customers. *Id*. ¶¶ 108-120.

Thompson asserts two state-law counterclaims against Plaintiffs. *Id*. ¶¶ 49–63. First, he asserts a claim under Colo. Rev. Stat. § 8-2-113, alleging that Plaintiffs' attempt to enforce non-compete and non-solicitation provisions in his Employment Agreement is unlawful. *Id*. ¶¶ 49-53. Second, he asserts a claim for tortious interference with an

employment relationship, alleging that Plaintiffs' efforts to enforce the non-compete and non-solicitation provisions effectively prevent him from working for Abbott. *Id*. ¶¶ 54–63.

## II.    LEGAL STANDARD

This Court is required to make a de novo determination of the magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III.    ANALYSIS

Defendants Abbott and Thompson raise two objections, one each, to the Recommendation. ECF No. 197. Plaintiffs raised one objection to the Recommendation. The Court will address Abbott's objection first, then Thompson's, and finally Plaintiffs' objection.

### A.    Abbott's Objection

Abbott objects to Magistrate Judge Starnella's findings that this Court may exercise specific personal jurisdiction over Abbott. ECF No. 197 at 2. Specifically, Abbott objects

to a finding that it purposefully availed itself to Colorado, or in other words, that it "deliberately . . . engaged in significant activities within' the forum State [Colorado] or deliberately directed its activities at the forum State [Colorado], so that it has 'manifestly availed [itself] of the privilege of conducting business there" or that "[Plaintiffs'] claims arise out of or relate to [Abbott's] forum conduct." *XMission, L.C. v. PureHealth Rsch., 105 F.4th 1300, 1308, 1312 (10th Cir. 2024)* (quotation and citations omitted).

Abbott argues that Magistrate Judge Starnella's reliance on an out-of-Circuit case, *Vessel Medical, Inc. v. Elliott*, No. 6:15-cv-00330-MGL, 2015 WL 5437170, at *5-6 (S.D.S.C. Sept 15, 2015), was erroneous. Specifically, Abbott argues that "Thompson cannot have been 'acting as [Abbott's] agent when he act[ed] outside the scope of employment." ECF No. 197 at 3 (quoting *United States v. Smith*, 810 F.2d 996, 997 (10th Cir. 1987)).[1] Abbott has not provided any case law to suggest that Magistrate Judge Starnella cannot find an out-of-Circuit case with analogous facts persuasive. The Court would not go so far as to say Magistrate Judge Starnella found that Thompson was working as Abbott's agent in Colorado before he started working for Abbott. *See* ECF No. 196 at 18 ("*[T]hrough* Thompson, Abbott engaged in intentional acts in Colorado with the aim of cutting into Plaintiffs' market share" (emphasis added)).

The Court finds that Abbott Vice President Chris Waddell ("Waddell"), not Thompson, was acting as Abbott's agent in Colorado. The focus should be on Waddell's conduct directed at the form state. In November 2023, Waddell contacted Thompson, a Colorado resident, regarding a potential sales position for TAVI, Abbott's version of

---

[1] *Smith* is a criminal drug case and has no bearing on personal jurisdiction.

Plaintiffs' product, TAVR. ECF No. 102 ¶ 45. Waddell knew that Thompson worked for Plaintiffs and likely had contractual obligations with Plaintiffs. Waddell also knew that Thompson worked in multiple states, including Colorado, and that he had access to Plaintiffs' trade secrets that would be of value to Abbott. In May 2024, Waddell informed Thompson that Abbott might have a Regional Sales Director ("RSD") position available. *Id*. ¶ 26. On July 3, 2024, Thompson and Waddell discussed a strategy for Abbott to expand into the Kansas and Nebraska markets, including Thompson providing site recommendations, contact information, and follow-up calls. *Id*. ¶¶ 47-50. On July 9, 2024, after a phone call with Waddell, Thompson texted him "Sites to consider:" and listed several Colorado hospitals and key implanters at those facilities. ECF No. 132-10 at 2. On July 11, 2024, Waddell texted Thompson that Abbott's legal counsel "knows all about you and your situation." *Id*. ¶ 61. The Court does not find the "2017 TAVR business plan" that Thompson sent to an Abbott employee in August 2023, very persuasive. *Id*. ¶ 44. But it does find Waddell's solicitation of Thompson and Plaintiffs' clients, including those in Colorado, persuasive.

Next, Abbott argues that Plaintiffs did not argue, nor can Plaintiffs meet the "harmful effects" test utilized by Magistrate Judge Starnella in her Recommendation. ECF No. 194 at 4. The Tenth Circuit held that "[t]o demonstrate purposeful availment in the harmful-effects context, a plaintiff must allege the defendant committed "(a) an intentional action that was (b) expressly aimed at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state." *XMission*, 105 F.4th at 1309. For the reasons stated below, the Court finds that the elements of the test are met based on

5

Waddell's conduct. Defendants argue that "it is 'well-established' under controlling Tenth Circuit [law] that these isolated texts and single phone call are insufficient to establish purposeful availment." ECF No. 197 at 5 (citing *Far W. Cap. Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1299 (10th Cir. 1999)). But the cases cited by Abbott are distinguishable. *Far W. Cap.* is a thirty-year-old case involving a dispute over land in Nevada. 46 F.3d at 1073. The federal district court in Utah held that contacts of the lessor and sublessee with Utah were insufficient to render them subject to personal jurisdiction in Utah. *Id.* at 1080. There, the contacts were fewer and less important than Waddell's contacts here. And the communications in *Soma Med. Int'l* were passive in the sense that they were routine communications from a British bank to its customer in Utah. 196 F.3d at 1298-99. Here, as described above, Abbott expressly aimed its conduct at Colorado through Waddell. Waddell knew that Thompson was a Colorado resident who had access to information that would help Abbott be more successful in Colorado.

Defendants also argue that Plaintiffs' "merely hiring Thompson cannot give rise to specific jurisdiction." ECF No. 197 at 5 (citing *Paul Transp., Inc. v. Gambe*, No. 23-cv-00241-WPJ-SH, 2024 WL 1143516, at *5 (N.D. Okla. Mar. 15, 2024)). The Court agrees. However, in the case cited by Defendants, "the only connection between Plaintiff Company and Defendant Jordan [was] the former employee, who ended up working for Defendant Jordan." *Paul Transportation*, 2024 WL 1143516, at *2. That is not the case here. Thompson is not the only connection between Plaintiffs and Abbott. Abbott, through Waddell, recruited one of the Plaintiffs' employees to allegedly take advantage of his

access to trade secrets. Finally, Defendants argue "there is no allegation that Abbott expressly aimed intentional actions towards Colorado specifically. Nor is there any allegation that Abbott knew the brunt of injury caused by its actions would be felt in Colorado by Plaintiffs, which are Delaware and California companies, not Colorado companies." ECF No. 197 at 5-6. The Court does not agree. There is evidence that Waddell sought information about Plaintiffs' Colorado clients from Thompson. Waddell knew that Thompson worked in Colorado and had access to Plaintiffs' trade secrets regarding Colorado customers, even if Abbott also hired Thompson for Abbott's Nebraska and Kansas markets. It does not matter if Plaintiffs are Delaware and California companies. Plaintiffs do business in Colorado and have clients in Colorado that Abbott arguably would be interested in.

When personal jurisdiction is contested, it is the plaintiff's burden to establish personal jurisdiction as to each defendant. *Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). But, in this preliminary stage of litigation, that burden is light, and if the court considers such a motion without an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008). The Court believes that Plaintiffs have made a prima facie showing of personal jurisdiction. The Court finds that Waddell, acting as an agent of Abbot, targeted the Plaintiffs doing business in Colorado and caused economic and reputation injury to the Plaintiffs in Colorado, purposely availing Abbott to the personal jurisdiction of Colorado. Thus, Abbott's objection is **OVERRULED**.

**B.    Thompson's Objection**

Thompson objects to Magistrate Judge Starnella's recommendation that Plaintiffs'

Motion be granted as to Thompson's counterclaim under Colo. Rev. Stat. § 8-2-113. ECF

No. 197 at 6. Colo. R. Stat. § 8-2-113(8) provides:

> (a) An employer shall not enter into, present to a worker or prospective
> worker as a term of employment, or attempt to enforce any covenant that
> is void under this section.
>
> (b) An employer that violates subsection (8)(a) of this section is liable for
> actual damages and a penalty of five thousand dollars per worker or
> prospective worker harmed by the conduct. The attorney general and any
> worker or prospective worker harmed by an employer's conduct may bring
> an action for injunctive relief and to recover penalties. In addition to injunctive
> relief and the penalty allowed in this subsection (8)(b), a worker or
> prospective worker may recover actual damages, reasonable costs, and
> attorney fees in any private action brought under this section.
>
> (c) In any action brought under this subsection (8), if the employer shows
> that the act or omission giving rise to such action was in good faith and that
> the employer had reasonable grounds for believing that the employer's act
> or omission was not a violation of this section, the court may, in its sound
> discretion, award the worker or workers no penalty or award a penalty of any
> amount not to exceed the amount specified in subsection (8)(b) of this
> section.

"Section 8-2-113(8) was added to Colorado's Non-Compete Statute as part of the August

2022 Amendments. Colo. Leg. Serv. Ch. 441 (H.B. 22-1317). The pre-2022 version of the

Non-Compete Statute did not include a subsection 8 or entitle a former employee to

recover fees, costs, or damages." *Huset v. EIS Ultimate Holding*, LP, No. 2023CV30661,

2025 WL 2491568, at *33 (Colo. Dist. Ct. June 18, 2025) (emphasis in the original). The

effective date of the new subsection is August 10, 2022. Thompson executed the

8

Employment Agreement at issue on June 9, 2022, before the statute's effective date. ECF No. 102-1 at 9.

This Court, in this case, and other courts in this district, have applied the Colorado Statute in effect at the time the Employment Agreement was signed. *See, e.g., Edwards Lifesciences LLC v. Thompson*, No. 24-CV-02558-RMR-KAS, 2025 WL 2045423, at *12, *12 n. 4 (D. Colo. June 18, 2025). Using that, and the plain language of the statute, Magistrate Judge Starnella found that Colo. Rev. Stat. § 8-2-113(8) did not apply to Thompson's claim because it was added in the 2022 Amendments to the statute, after the Employment Agreement took effect. ECF No. 196 at 33. In *Huset*, a Colorado state court held "[s]ubsection (8)(a) of the statute may apply prospectively to [an employers] 'attempt to enforce any covenant that is void under this section'" 2025 WL 2491568, at *34. Magistrate Judge Starnella addressed *Huset* in her Recommendation, ultimately finding it unpersuasive. ECF No. 196 at 32.

Thompson asks this Court to apply *Huset*, or if it declines to do so, certify the question for the Colorado Supreme Court. ECF No. 197 a 10. But as Thompson acknowledges, *Huset*, is on appeal. The Colorado Court of Appeals is likely to issue an opinion on the issue before this Court receives an answer from the Colorado Supreme Court. Though not binding on this Court, the Court would likely find persuasive a ruling from the Colorado Court of Appeals opinion applying Colorado law. Until such time, the Court agrees with Magistrate Judge Starnella's analysis that Colo. Rev. Stat. § 8-2-113(8) does not apply to Thompson's claim. Thus, Thompson's objection is **OVERRULED**.

### C.    Plaintiffs' Objection

Plaintiffs object to Magistrate Judge Starnella's recommendation that the Court dismiss their claim against Abbott for tortious interference with Thompson's Employment Agreement for failure to state a claim. ECF No. 198. Magistrate Judge Starnella used the correct legal standard. To state a claim for tortious interference with contract under Colorado law, a plaintiff must allege that (1) it had a valid contract with a third party, (2) the defendant induced or otherwise caused the third party to breach the contract, and (3) the defendant acted intentionally and through improper means. *Insight Glob. LLC v. McDonald*, No. 17-cv-1915-MSK-MJW, 2018 WL 2092486, at \*4 (D. Colo. May 3, 2018) (citing *Harris Grp. v. Robinson*, 209 P.3d 1188, 1195-96 (Colo. App. 2009)). Magistrate Judge Starnella found that the Amended Complaint did not plausibly allege that Abbott induced or otherwise caused Thompson to breach his Employment Agreement. Instead, she found Thompson did it on his own. The Court agrees.

In their objection, Plaintiffs list seven bullets of citation from the Amended Complaint that they argue "show Abbott caused Thompson to breach his employment agreement." However, the Court finds that at least three actions are ones that Thompson chose to take on his own:

- ¶ 43, alleging that Thompson sent Plaintiffs' confidential and trade secret information to Abbott while he was still employed by Plaintiffs
- ¶ 44, alleging that Thompson sent a business plan for Plaintiffs' TAVR business to an Abbott employee
- ¶ 46, alleging that Thompson continued to disclose Plaintiffs' confidential

and trade secret information to Abbott to assist its TAVI business strategy;

ECF No. 198 at 4. One bullet point is not an action:

- ¶ 61, alleging that Abbott was aware of Thompson's contractual obligations to Plaintiffs

*Id.* 4-5. Another action occurred after Thompson's employment with Plaintiffs ended:

- ¶ 75, alleging that, in response to a letter from Plaintiffs' counsel, Thompson's counsel stated that Abbott would not restrict Thompson from Plaintiffs' accounts.

The two remaining bullets are not sufficient to plausibly allege a claim against Abbott for tortiously interfering with Thompson's Employment Agreement. Plaintiffs' objection is **OVERRULED**.

## IV.    CONCLUSION

For the reasons set forth above, and in the Recommendation, it is **ORDERED** as follows:

1. Defendants' Partial Objections to Recommendations of the United States Magistrate Judge, ECF No. 197, is **OVERRULED**;

2. Plaintiffs' Objection to the Recommendation of the United States Magistrate Judge, ECF No. 198, is **OVERRULED**;

3. The Recommendation of the United States Magistrate Judge, ECF No. 196, is **ACCEPTED and ADOPTED**;

4. Defendant Abbott Laboratories' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) and 12(B)(6), ECF No. 112, is **GRANTED in PART** and **DENIED in PART;**

5. Abbott's Motion is granted as to Claim Five, tortious interference with Thompson's contract, and that claim is **DISMISSED without PREJUDICE;**

6. Plaintiffs' claim of tortious interference with prospective business advantage regarding Plaintiffs' customers remains;

7. Plaintiffs' Motion to Dismiss Thompson's Counterclaims, ECF No. 138, is **GRANTED;**

8. Thompson's counterclaim against Plaintiffs under Colo. Rev. Stat. § 8-2-113 is **DISMISSED without PREJUDICE;** and

9. Thompson's counterclaim against Plaintiffs for tortious interference with an employment relationship is **DISMISSED without PREJUDICE.**

DATED:  March 31, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

12